JOHNSON v. STATE.

(Division B. Oct. 4, 1937.)

[176 So. 164. No. 32718.]

**W. T. Weir,** of Philadelphia, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the
State.

**Ethridge, P. J.,** delivered the opinion of the court.

Hooper Johnson, appellant, was tried in a justice of the peace court of Neshoba county on an affidavit charging him with the unlawful possession of intoxicating

liquor and was there convicted; appealed to the circuit court, where he was tried de novo, was again convicted and sentenced to pay a fine of $200 and costs, from which judgment he appeals here.

The ground of his appeal is that the evidence on which he was convicted was obtained without a search warrant and was improperly admitted.

It appears that the sheriff of Neshoba county had information that whisky was to be delivered by some one at a certain building across the railroad from the courthouse in Philadelphia, Miss., and he directed one of his deputies and the constable of the district to go there and see if they could find who was delivering the liquor. This deputy and constable secreted themselves in a ditch under a building where the liquor was supposed to be delivered, which building was not the property of the appellant. Shortly thereafter, appellant came up and picked up a "crocker sack" containing glass bottles. The officers, hearing the bottles rattle or tinkle, came out and followed the appellant and they could see the glint of the bottles through the sack. They followed along without making any demand or saying anything to appellant, but he saw them and, knowing they were officers, started to throw the sack of bottles down, when the constable said, "Don't throw it down. What have you got in that sack?" Appellant replied, "Whiskey." Thereupon appellant handed the sack to one of the officers and they took him on to jail. The sack contained nine pint bottles of whisky. After arriving at the jail they noticed a bulge in his clothing, and, supposing it to be a concealed weapon, they asked appellant what it was, and he produced three other pints of intoxicating liquor.

The evidence shows that the officers had never made any demand of appellant, but were merely following him and he stated, without any compulsion or promise, that he had liquor in the sack. This was sufficient evidence of the commission of a crime in the presence of officers

to warrant the arrest of the appellant and the seizing of the contraband liquor.

The appellant did not testify, consequently the testimony was, as to the facts above stated, undisputed. The appellant relies largely upon the case of Butler v. State, 135 Miss. 885, 101 So. 193, and other cases of like holding, for reversal. We do not think these cases are applicable to the facts here. The officers here did nothing to coerce the appellant into making a statement, and made no attempt to either search or arrest appellant until he stated that he had whisky; consequently the judgment must be affirmed.

Affirmed.